Dimitri L. Karapelou, Esquire
Rebecca K. McDowell, Esquire
Law Offices of Dimitri L. Karapelou, LLC
2 Penn Center
1500 JFK Blvd., Suite 920
Philadelphia, PA 19102
(p): (215) 391-4312
(f): (215) 701-8707
dkarapelou@karapeloulaw.com
ATTORNEYS FOR DEBTOR

## UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| ALLEGRO GRILLE ASSOCIATES, LLC | Docket No.: 14-17075 |
| *Debtor.* | |

## DEBTOR'S MOTION  PURSUANT TO 11 U.S.C. § 363(f) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014 FOR AUTHORITY TO SELL DEBTOR'S PENNSLVANIA LIQUOR LICENSE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES  AND FOR AN EXPEDITED HEARING

Allegro Grille Associates, LLC (the "Debtor"), by and through its undersigned counsel, Law Offices of Dimitri L. Karapelou, LLC files this Motion Pursuant to 11 U.S.C. § 363(f) and Federal Rule of Bankruptcy Procedure 9014 for Authority to Sell Debtor's Pennsylvania Liquor License Free and Clear of Liens, Claims and Encumbrances and for an Expedited Hearing thereon, (the "Motion"), and says:

### BACKGROUND

1.      On September 9, 2014, (the "Petition Date"), the Debtor filed a voluntary petition pursuant to chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor remains in possession of its property.

1

2.      Debtor is a limited liability company in the business of operating a restaurant, Allegro Grille, at 870 Welsh Rd., Maple Glen, Pennsylvania, 19002 ("Restaurant").

3.      The premises upon which the Restaurant operates is owned by Allegro Grille of Maple Glen, Inc. ("Allegro Inc.").

4.      Debtor purchased the Restaurant from Allegro Inc. in 2011 for approximately $300,000.00 and entered into an agreement to lease the premises to operate the Restaurant.

5.      Allegro Inc. financed approximately $50,000.00 of the purchase price of the Restaurant.

6.      On or about March 26, 2012, Allegro Inc. filed a UCC Financing Statement with the Commonwealth to perfect liens upon all personal property of Debtor, including but not limited to cash, Pennsylvania Liquor License R-19386; LID No. 6128, accounts receivable, and general intangibles ("UCC Lien").  A true and correct copy of the UCC Lien and associated security agreement are collectively attached hereto as Exhibit "A."

7.      Debtor currently owes approximately $47,500.00 to Allegro Inc. on the loan.

8.      Since acquiring this restaurant business, Debtor has struggled to turn a profit. Debtor earns a profit in the winter, but the summer months are very slow, and the Debtor is not profitable enough during the entire year to sustain this business over the long term.  Debtor believes that this business can thrive if a new owner can inject new capital to be used for advertising, promotion, hiring, and customer development.

9.      This bankruptcy was filed to stop a looming eviction by the landlord, Three Pinos, L.P. ("Landlord"), a party related by common ownership with Allegro, Inc.

10.      Debtor currently owes approximately $56,350 (according to Landlord, but Debtor reserves right to object to any charges such as legal fees) in back rent and associated charges to

2

Landlord under a commercial lease ("Lease").   A true and correct copy of the Lease is attached

hereto as Exhibit "B."

11.     Debtor has received a letter of intent by David Schiano to purchase the restaurant,

together with all associated assets related to the business operations, except for liquor license,

including equipment, inventory, customer lists and phone numbers (the "Assets") for the sum of

$140,000  ("Letter of Intent").  The Letter of Intent also seeks to acquire all interests in the Lease

pursuant to an assignment and assumption under 11 U.S.C. § 365.  The Letter of Intent will be

converted to an Asset Purchase Agreement,

12.     Debtor has filed a Motion seeking to sell the Assets subject to the Letter of Intent,

and a court hearing is scheduled for January 21, 2015.

13.     Buyer now wants to purchase the Pennsylvania Liquor License R-19386; LID No.

66128 ("Liquor License").

14.     The Debtor seeks authority to sell the Liquor License together with the Assets.

The sale proceeds will be sufficient to pay unsecured creditors 100% of allowed claims.

15.     The Debtor requests expedited consideration of this Motion, which is warranted

because the Buyer wants to close by February 1.

16.     The Debtor requests that this Court set the hearing for this matter on January 21,

2015, the date of the hearing on the sale of Debtor's other assets.

17.     Debtor has contacted the Office of the United States Trustee and counsel for

Allegro Inc. and Landlord, who have neither consented to nor objected to expedited

consideration.

18.     Debtor has conferred with counsel for the Buyer, who does not object to

expedited consideration.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order approving

the sale of the Liquor License free and clear of liens, claims, encumbrances and interests, and for

such other and further relief as this Court deems just.


Respectfully Submitted:


 /s/ Dimitri L. Karapelou
Dimitri L. Karapelou, Esq.
Rebecca K. McDowell, Esq.
Law Offices of Dimitri L. Karapelou, LLC
1500 JFK Blvd, Suite 920
Philadelphia, PA 19102


**Date: January 12, 2015**